UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID KAPAUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:16CV213-PPS/MGG |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before me on Plaintiff's counsel's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b), which seeks an award of attorney's fees in the amount of $11,093.50, a percentage of the past-due Social Security Disability Insurance Benefits awarded by the Commissioner of Social Security to Plaintiff. For the reasons explained in detail below, I find the request reasonable and the motion is **GRANTED**.

### Background

After being denied Disability Insurance benefits under the provisions of the Social Security Act, Plaintiff appealed his case to this Court on April 6, 2016. [DE 1.] On January 26, the parties agreed to remand the case for further proceedings and a new decision by the ALJ. [DE 24.] On March 30, 2017, I granted the Parties' Joint Stipulation

to an Award of Attorney Fees Under the Equal Access to Justice Act, awarding Attorney Steven Parkman $5,682.10. [DE 30.]

On remand from this Court, an ALJ issued a favorable decision on December 15, 2017, finding the Plaintiff disabled as of January 15, 2013. Plaintiff then received a Notice of Award ("NOA") from the Commissioner finding that the Plaintiff was due at least $44,374.00 in total past-due benefits. [DE 31-1.] Plaintiff's counsel seeks 25% of that amount in the form of attorney's fees, which he correctly calculates to be $11,093.50. This comports with the fee contract signed by the Plaintiff, which calls for Plaintiff's counsel to receive 25% of the retroactive benefits due to Plaintiff and his family. [DE 31-2.]

**Discussion**

Section 206(b) of the Social Security Act provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 206(b) is intended to control, but not displace, contingent fee arrangements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The district court is to review the amount set by the fee agreement for reasonableness based on "the character of the representation and the results the representative achieved." *Id.* at 807. The

2

Supreme Court described three situations in which courts have appropriately reduced fees as unreasonable: (1) the representation is substandard, (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, and (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Here, Plaintiff entered into a 25% contingency fee agreement with his attorney. [DE 31-2] Plaintiff was awarded past due benefits in the amount of $44,374.00. His attorney now seeks 25% of that amount, totaling $11,093.50. This amount is reasonable. Attorney Parkman and his associate's representation was not substandard. On the contrary, counsel secured a remand and reversal of the original administrative decision resulting in the Plaintiff receiving a favorable decision and an award of retroactive benefits.

In addition, counsel worked on contingent fee basis, so the risk that he won't recover for his client, and thus won't be paid at all, has to be priced in to the computation of a reasonable fee. *See Bastic v. Bowen*, 691 F. Supp. 1176, 1177 (N.D. Ill. 1988) ("[A] universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe."). The risk of no recovery is high in a Social Security case. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). In this context, then, an

award of ** is not unreasonable. And awards of larger size have been approved in this district. *See, e.g. Soptich v. Colvin*, No. 3:15-CV-109, 2017 WL 711021, at *2 (N.D. Ind. 2017) (approving award of $18,646); *Denune v. Colvin*, No. 1:11-CV-64, 2014 WL 3899308, at *4 (N.D. Ind. 2014) (approving award of $24,830); *Sparrow v. Astrue*, No. 3:07-CV-506-TLS, 2010 WL 2195276, at *1 (N.D. Ind. 2010) (approving award of $17,322.10). Plaintiff's counsel achieved the result his client sought in filing the suit and should be properly compensated for his work. The Defendant Commissioner of Social Security does not object to this fee request. [DE 32.]

There is one issue remaining. Attorney Parkman already has received $5,682.10 in EAJA fees. While fee awards may be made under both Section 206 and the EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. Therefore, upon receipt of the an award of fees under Section 206, Attorney Parkman shall promptly remit the smaller of the Section 206 award and the EAJA fee award.

**Conclusion**

Plaintiff's counsel's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), DE 31, is **GRANTED**. The Court **GRANTS** Counsel's petition for Section 206(b) fees in the amount of $11,093.50. The Court **ORDERS** that payment by the Commissioner in the amount of $11,093.50 be paid directly to Steven Parkman in accordance with the agreement signed by Plaintiff.

Upon receipt of this award of fees, Attorney Steven Parkman is ordered to promptly remit the smaller of either the award of Section 206 fees or the previously awarded EAJA fees.

**SO ORDERED.**

ENTERED: April 4, 2018.

s/ Philip P. Simon<br>
PHILIP P. SIMON, JUDGE<br>
UNITED STATES DISTRICT COURT